UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
APR 26 2013
Clerk, U.S. District and
Bankruptcy Courts

Theodore E. Powell, )
 )
    Plaintiff, )
 )
    v. ) Civil Action No. 13-579
 )
Mayor Vincent Gray *et al.*, )
 )
    Defendants. )
 )

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

Plaintiff, a resident of Highland Springs, Virginia, sues the District of Columbia and several individuals for alleged unlawful treatment he sustained while employed with the District of Columbia Public Schools ("DCPS"). Plaintiff states that "[h]e is seeking relief from injuries on the job (feet, PTSD and Eye), retaliatory termination of his employment, Title VII, American[s] with Disabilities Act, Age, Miranda rights, worker [sic] compensation, misrepresentation, contract law, medical malpractice, fraud and under false pretense and the lost [sic] of back salaries and wages." Compl. ¶ 3. Plaintiff further states that he is seeking relief "[a]lternatively . . . under age discrimination, a common law wrongful discharge/public policy theory, under a Constitutional due process theory and Double jeopardy and punishment." *Id.*

1

Under a section titled "Common Allegations," plaintiff "states a claim an Act of Peonage (Servitude of injustice and) discrimination against Erin Pitts," identified as DCPS' Director of Labor Management, *id.* ¶ 5, and "states DCPS discriminated and failed to meet its duty of fair representation and to bargain in good faith with regard to the grievance and the reinstatement." *Id.* ¶ 6. Plaintiff characterizes the latter allegation also as "an Act of Peonage." *Id.* The "Common Allegations," lacking any cohesive facts or commonality, continue in this fashion for six more pages. Plaintiff then presents the following two counts: Count I (Wrongful Discharge in Violation of Public Policy), *id.* ¶¶ 12-16, and Count II (Retaliatory Discharge in Violation of the D.C. Whistleblower Protection Act), *id.* ¶¶ 17-24.[1]

Although allowed some leniency in prosecuting their civil cases, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* litigants still must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and *plain* statement of the grounds for the court's jurisdiction [and] (2) a short and *plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (emphasis added); *see Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004) (examining Rule 8). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement' " or mere "labels and conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). In addition, courts can "never accept[] 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances

---

[1] Among the attachments to the complaint is a "Dismissal and Notice of Rights" issued by the U.S. Equal Employment Opportunity Commission that is equally unhelpful because it, as with the complaint, contains no facts to provide adequate notice of a claim under any of the federal anti-discrimination statutes.

giving rise to the claims." *Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). A complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The instant complaint is devoid of any facts establishing federal court jurisdiction and plaintiff's entitlement to relief under either the Constitution or federal law. Hence, this case will be dismissed without prejudice to plaintiff's seeking leave in this action to refile a coherent complaint in accordance with Rule 8 that states the basis of federal court jurisdiction and facts supporting a federal claim. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions). A separate Order accompanies this Memorandum Opinion.

Date: April __19__, 2013

_____
United States District Judge
J. Boasberg

3